USDC SCAN INDEX SHEET










```
RYC    1/25/06    16:16
3:06-CV-00142    REYCRAFT V. MOTEL 6 OPERATING
*1*
*NTCREM.*
```

```
JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK (Bar No. 083908), MHO@JMBM.com
MATTHEW S. KENEFICK (Bar No. 227298) MSK@JMBM.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584
```

FILED 2006 JAN 20 PM 3:51

Attorneys for Defendant, MOTEL 6 OPERATING LP

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

06CV0142 JM POR

BY FAX

| | |
|---|---|
| PATRICIA REYCRAFT,<br><br>Plaintiff,<br><br>v.<br><br>MOTEL 6 OPERATING LP, A Business Entity Form Unknown, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br>CASE NO.   GIN048158 (San Diego County)<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 FEDERAL QUESTION JURISDICTION**<br><br>Complaint Filed:   October 19, 2005<br>Trial Date:   None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

   **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. Section 1441, Defendant Motel 6 Operating LP ("Motel 6") hereby removes to the United States District Court for the Southern District of California, the state court action described below. This removal is based on the following grounds:

**I.   JURISDICTION AND TIMELINESS**

   On October 19, 2005, Plaintiff Patricia Reycraft ("Plaintiff") filed a Complaint in the San Diego County Superior Court, Case No. GIN048158 (the "Complaint"). Service on Motel 6 was effected on December 27, 2005. See Orlick Decl. ¶2. In the Complaint, Plaintiff seeks general

NOTICE OF REMOVAL

and compensatory damages, statutory damages, injunctive relief, and attorneys' fees and costs under the California Unruh Civil Rights Act, the Disabled Persons Act, and negligence based on alleged violations of the Americans with Disabilities Act of 1990 (the "ADA"). Declaration of Martin H. Orlick ("Orlick Decl.") Exhibit A, ¶¶ 5, 8, 9, and 10.

Plaintiff alleges in the First and Second Causes of Action that Motel 6 is required to: (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility [sic] Guidelines ("ADAAG") and Title 24 of the California Code of Regulations ("California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." Plaintiff also alleges the defendants have failed to meet these obligations. In her Third Cause of Action, Plaintiff alleges: "The defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff in the running of their motels."

This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1331, because Plaintiff's claims for relief for violations of the ADA arise under federal law. In the Complaint, Plaintiff claims that Motel 6 violated the ADA. Orlick Decl. Exh.A ¶¶ 5, 8, and 9. Specifically, Plaintiff seeks recovery for encountering "various violations of the Americans with Disabilities Act Accessibility [sic] Guidelines..." Orlick Decl. Exh.A ¶ 5, 8, and 9. Orlick Decl. Exh.A ¶ 10. Although Plaintiff fashions her claims as state law claims, such claims turn on the federal question of whether Defendant violated the ADA and the ADAAG guidelines for architectural access barrier removal. Because Plaintiff seeks relief for alleged ADA violations, this Court has original jurisdiction over such claims. Pickern v. Best Western Timber Cover Lodge Marina Resort, 194 F.Supp.2d 1128, n.5 (E.D. Cal. 2002) ("Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims ...[F]ederal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages.")

Further, on or about August 10, 2004, more than a year before Plaintiff filed this

action, Motel 6 and the U.S. Department of Justice entered into a voluntary Settlement Agreement under the Americans with Disabilities Act between THE UNITED STATES OF AMERICA AND MOTEL 6 OPERATING LP - DJ# 202-73-57 ("Settlement Agreement"). The Settlement Agreement with the Department of Justice provides a comprehensive, system-wide, detailed framework for architectural access barrier removal. Under the Settlement Agreement, Motel 6 has agreed to bring all existing Motel 6 facilities into accessibility compliance within a the specific timeframe. The Settlement Agreement contains a detailed process of monitoring and enforcement by the Department of Justice.

## II. SUPPLEMENTAL JURISDICTION

Because Plaintiff's state law claims for damages form "part of the same case or controversy" and, indeed, hinge on the very same ADA violations over which this Court has original jurisdiction, supplemental jurisdiction may exist over Plaintiff's state law claims under 28 U.S.C. Section 1367. See Pickern, 194 F.Supp.2d 1128, n.5 (noting that federal courts have supplemental jurisdiction over state law claims for damages arising out of alleged violations of the ADA).

## III. PROCESS, PLEADINGS AND ORDERS

Other than the Complaint, no other process, pleading or order has been served on the Motel 6 in this action, nor have any further proceedings taken place.

## IV. VENUE

Venue is proper in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. Section 1441(a), because the state action was originally filed in the Superior Court for the County of San Diego.

## V. NOTICE

Promptly after filing this Notice of Removal, Motel 6 will give written notice of this pleading to Plaintiff and will file a copy of this Notice with the Superior Court for the County of San Diego.

///

- 3 -  NOTICE OF REMOVAL

## CONCLUSION

For the reasons set forth above, Motel 6 hereby removes Plaintiff's original action filed in the Superior Court of the State of California, for the County of San Diego, from that State Court to this Court.

DATED: January 18, 2006

JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK
MATTHEW S. KENEFICK

By: _____
MARTIN H. ORLICK
Attorneys for Defendant MOTEL 6 OPERATING LP

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On January 20, 2006 I served the document(s) described as

1. Notice of Removal of Action Pursuant to 28 U.S.C. § 1441 Federal Question Jurisdiction;

2. Declaration of Martin H. Orlick, Esq. in Support of Defendant Motel 6 Operating LP's Notice of Removal of Action Pursuant to 28 U.S.C. § 1441;

3. Notice to Adverse Party of Removal to Federal Court;

4. Civil Cover Sheet;

in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Mark D. Potter, Esq.
3405 Kenyon St., Suite 502
San Diego, CA 92110

☒ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FAX) At          , I transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (415) 398-5584 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on January 20, 2006 at San Francisco, California.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                      Angela Pereira

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PATRICIA REYCRAFT

**DEFENDANTS**
MOTEL 6 OPERATING LP, A Business Entity Form Unknown, and DOES 1 through 10, inclusive

06CV0142

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: San Diego, CALIFORNIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark D. Potter, Esq.
Center For Disability Access LLP
3405 Kenyon Street, Suite 502
San Diego, CA 92110-5008

Attorneys (If Known)
Martin H. Orlick, Esq.
Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111

**BY FAX**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Complaint seeks general and compensatory damages, statutory damages, and injunctive relief.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: January 18, 2006
SIGNATURE OF ATTORNEY OF RECORD: Martin H. Orlick, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

12005954.tif - 1/20/2006 9:06:12 AM

American LegalNet, Inc. | www.USCourtForms.com

PAID $250.00 1/20/06 BY RCPT # 120596