USDC SCAN INDEX SHEET










TKL   5/4/06   10:37
3:06-CV-00142   REYCRAFT V. MOTEL 6 OPERATING
*10*
*NTCF.*

CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069
(760) 480-4162
Fax (760) 480-4170

Attorney for Plaintiff, PATRICIA REYCRAFT

MARTIN H. ORLICK, SBN 83908
JEFFER, MANGELS, BUTLER & MARMARO LLP
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Defendant MOTEL 6
OPERATING, LP

FILED MAY 2 2006 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA REYCRAFT, <br><br> Plaintiff, <br><br> v. <br><br> MOTEL 6 OPERATING, LP, a Business Entity Form Unknown, and DOES 1 through 10, inclusive, <br> Defendants. | Case No.: 06cv0142-JM(POR) <br><br> **JOINT CASE MANAGEMENT STATEMENT, RULE 26 DISCOVERY PLAN AND PROPOSED ORDER** |

PURSUANT TO Rule 26 (f) of the Federal Rules of Civil Procedure, and the Order Scheduling Rule 26 Dates, Case Management Conference and Settlement Conference filed March 30, 2006, the Plaintiff PATRICIA REYCRAFT ("Plaintiff") and Defendant, MOTEL 6 OPERATING, LP ("Defendant"), by and through their respective attorneys of record, hereby submit this Joint Case Management Statement and Rule 26 Discovery Plan to the Court:

**(1) Jurisdiction, Venue and Article III Standing**

**Defense Argument:** This case involves alleged ADA and California disabled access violations related to three hotels located Bakersfield, Goleta and Escondido, California. The action in this Court is improper as to the Bakersfield and Goleta properties, and should be dismissed in its entirety, or at least as to said properties, by the Court on its own motion. Defendant should be awarded its attorneys' fees and costs as the prevailing party.

Plaintiff lacks Article III standing under Lujan v. Defenders of Wildlife, (1992) 504 U.S. 555, 560-561, and the case is barred by the applicable statutes of limitations. Plaintiff lacks standing to pursue a private cause of action because Defendant's Settlement Agreement with the Department of Justice (attached as Exhibit "A" hereto) applies to the hotels in question on all issues alleged in the Complaint and preempts Plaintiff's purported claims.

**Plaintiff's Argument:** This Court has federal question jurisdiction over Plaintiff's ADA claim for relief (see the first count of the complaint) under 28 U.S.C. § 1331, because Plaintiff alleges a violation of Title III of the ADA, 42 U.S.C. § 12188 (a). The Court has supplemental jurisdiction over Plaintiff's claims that originate in state law under 28 U.S.C. § 1367. Venue of this action lies in this Court under 28 U.S.C. § 1391(b) because the Defendant operates a hotel in this district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**(2) Appropriate Case Dates**

The Parties propose a discovery cut-off date of December 15, 2006.

The proposed cut off date for motions is January 19, 2007.

The proposed date for a Final Pretrial Conference is January 30, 2007.

The proposed date for trial is February 12, 2007.

**(3) Conduct of Discovery**

The Parties agree that the case is not complex and see no need for discovery to be

conducted in phases or otherwise ordered or limited.

**(4) Estimated Time for Trial**

The Parties believe that no more than 3-5 days will be necessary for trial.

**(5) Settlement Negotiations**

Counsel have engaged in settlement discussions.

<u>Plaintiff</u> believes that settlement is likely.

<u>Defendant</u> proposed a settlement consistent with its Department of Justice Settlement Agreement and applicable law, which Plaintiff rejected.

**(6) Should The Manual for Complex Litigation be Utilized?**

This is not a complex case. The Parties agree that the Manual for Complex litigation is not required.

**(7) Amended Pleading**

<u>Plaintiff</u> does not anticipate amending her pleading unless discovery responses reveal additional liable parties.

<u>Defendant</u> does not anticipate amending its pleadings.

**(8) Issues Resolved by Motion and Contemplated Law and Motion Matters**

<u>Plaintiff</u> believes that all of her issues can be resolved by motion, with the exception of determining damages. Other than possible discovery motions, the only motion contemplated by the Plaintiff is a motion for summary adjudication and/or summary judgment.

<u>Defendant</u> intends to challenge whether this action is properly at issue because two hotels located in Bakersfield and Goleta, California, should not be adjudicated in this Court. Defendant contends the action is time barred. As a matter of law, Defendant is not required, either under state or federal law, to provide a pool lift (the only injunctive relief issue) in an existing hotel where the pool has not been altered, as Plaintiff insists. Defendant contends its comprehensive Department of Justice Settlement Agreement bars further litigation of these individualized issues by Plaintiff.

Defendant contends that Plaintiff's action undermines and interferes with its comprehensive Settlement Agreement with the Department of Justice. Plaintiff should be precluded from pursuing this individual claim, as a matter of law.

**(9) Unusual Issues**

Plaintiff is unaware of any other issues that would affect the Court's scheduling of this case.

Defendant contends that its comprehensive Settlement Agreement with the Department of Justice pre-empts Plaintiff's individual claims.

**(10) Anticipated Proposals Regarding Severance, Bifurcation or Other Ordering of Proof**

Plaintiff: None.

Defendant: Plaintiff should be required to demonstrate she can assert a private claim for relief in light of Defendant's comprehensive Settlement Agreement with the Department of Justice.

**RULE 26 DISCOVERY PLAN**

**1. CHANGES TO TIMING, FORM, OR REQUIREMENTS AND INITIAL DISCLOSURES**

Plaintiff believes this is a straightforward case and that no changes need to be made to timing, form or requirements of discovery. Plaintiff has served Initial Disclosures on the Defendant.

Defendant intends to conduct documentary and deposition discovery and move for summary judgment.

**2. DISCOVERY SUBJECTS, COMPLETION, PHASES**

Plaintiff seeks discovery concerning (a) ownership and control of the subject property; (b) financial wherewithal of the defending entity; (c) the existence of architectural barriers; (d) past remediation efforts; and (e) construction history. Plaintiff believes that all of her discovery can be completed within six months. Plaintiff does not believe that any discovery phases are necessary.

Defendant: None of the foregoing discovery is relevant since all access barriers have been removed at the Escondido and Goleta hotels and barrier removal work is underway at the Bakersfield hotel pursuant to the Settlement Agreement with the Department of Justice. Plaintiff is not entitled to injunctive relief as the Department of Justice Settlement Agreement requires Defendant to remove access barriers at each of the subject hotels.

3. **LIMITATIONS OR CHANGES**

The Parties do not anticipate the need for any change in the limitations imposed by the Federal Rules of Civil Procedure or the Local Rules.

4. **OTHER ORDERS**

The Parties do not believe that any other orders are necessary under Rule 26(c) or Rule 16(b)&(c).

CENTER FOR DISABILITY ACCESS, LLP

Dated: 4-1-06

Mark D. Potter
Attorney for Plaintiff, Patricia Reycraft


JEFFER, MANGELS, BUTLER & MARMARO LLP

Dated: April 28, 2006

Martin H. Orlick
Attorney for Defendant, Motel 6 Operating, LP

EARLY MEETING OF PARTIES JOINT RULE 26(F) REPORT  -5-  06cv0142-JM (POR)
MS Word EAP SF 490569v2 66823-0001 4/27/06

# PROOF OF SERVICE

Short Case Name: *Reycraft v. Motel 6, et al.*
Case No.: 06CV0142JMPOR

I, the undersigned, am over the age of eighteen years and am a resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 100 East San Marcos Blvd., Suite 400, San Marcos, CA 92069 On May 1, 2006, I served the following document(s):

JOINT CASE MANAGEMENT STATEMENT, RULE 26 DISCOVERY PLAN AND PROPOSED ORDER

Addressed to:

Martin H. Orlick
JEFFER, MANGELS, BUTLER & MARMARO LLP
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111

__X__ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Marcos, California.
____ (BY FACSIMILE) In addition to service by mail as set forth above, the counsel by whose name an asterisk is affixed on the attached service list were also forwarded a copy of said document(s) by facsimile.
____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

Executed on May 1, 2006 at San Marcos, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.